*E-Filed 6/28/10*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT LEE, | No. C 09-4951 RS (PR) |
|       Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
|     v. | |
| ROBERT K. WONG, Warden, | |
|       Respondent. | |
| ————————————————/ | |

**INTRODUCTION**

This is a federal habeas corpus action filed by a *pro se* state prisoner pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition is denied.

**BACKGROUND**

In 1977, a Fresno County Superior Court jury convicted petitioner of kidnapping for robbery with the use of a firearm. The trial court sentenced petitioner to seven years to life. In 2008, the Board of Parole Hearings ("Board") found petitioner unsuitable for parole on grounds that he "would pose an unreasonable risk of danger to society and a threat to public safety if released from prison." (Pet., Ex. A at 74.) In response to the Board's decision, petitioner sought, though was denied, relief on state collateral review. (Pet. at 5–7.) This

*(left margin, vertical text)* **United States District Court** For the Northern District of California

1   federal habeas petition followed.

2        In reaching its decision, the Board considered the facts of the commitment offense.

3   In July 1977, petitioner, armed with a rifle, approached a group of three women who were

4   swimming in a motel pool.  He ordered them out of the pool, took them to their room, made

5   them face the wall, and took their money.  Petitioner then fled, taking one of the women,

6   Martha, with him to his car.  He ordered her to lie on the floor of his car, and he drove off.

7   Police tracked down the vehicle, and chased petitioner, who eventually stopped the car and

8   fled.  Martha escaped uninjured.  (*Id*. at 9–10.)  At the parole hearing, petitioner stated that in

9   committing the crime, he was "just acting on impulse, not thinking, not realizing I could have

10  hurt somebody."  (*Id*. at 13.)

11       In addition to the circumstances of the commitment offense, the Board cited as factors

12  in its decision petitioner's criminal and social history, his behavior in prison, and his

13  psychological report.  Petitioner's criminal history, which, the Board stated, indicates that

14  petitioner has "a hard time learning," includes three terms in prison, an arrest for loitering,

15  and convictions for burglary, robbery, conspiracy, assault to kill, and assault with a deadly

16  weapon.  (*Id*. at 19–23.)  The Board noted that petitioner's social history includes heavy use

17  of alcohol, a hostile relationship with his alcoholic father, and dropping out of high school.

18  (*Id*. at 27, 29, 30–31.)  While in prison, petitioner received sixteen citations for serious

19  misbehavior, and twenty-four for minor infractions.  (*Id*. at 45.)  Though all of these citations

20  were given ten or more years ago, the Board considered petitioner's disciplinary

21  improvements "recent."  (*Id*. at 75.)  Petitioner's psychological report stated that there was a

22  "moderate" risk for future violence and recidivism.  (*Id*. at 49.)  In light of all these factors,

23  the Board concluded that petitioner posed an unreasonable threat to public safety and denied

24  him parole.  (*Id*. at 74.)

25  //

26  //

27  //

28

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1    As grounds for federal habeas relief, petitioner claims that the Board's decision

2 violated his federal right to due process because it was not supported by some evidence.

3                                      **STANDARD OF REVIEW**

4    This court may entertain a petition for writ of habeas corpus "in behalf of a person in

5 custody pursuant to the judgment of a State court only on the ground that he is in custody in

6 violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

7 The petition may not be granted with respect to any claim that was adjudicated on the merits

8 in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that

9 was contrary to, or involved an unreasonable application of, clearly established Federal law,

10 as determined by the Supreme Court of the United States; or (2) resulted in a decision that

11 was based on an unreasonable determination of the facts in light of the evidence presented in

12 the State court proceeding."  28 U.S.C. § 2254(d).

13    "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state

14 court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of

15 law or if the state court decides a case differently than [the] Court has on a set of materially

16 indistinguishable facts."  *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000).  "Under

17 the 'unreasonable application' clause, a federal habeas court may grant the writ if the state

18 court identifies the correct governing legal principle from [the] Court's decision but

19 unreasonably applies that principle to the facts of the prisoner's case."  Id. at 413.  "[A]

20 federal habeas court may not issue the writ simply because that court concludes in its

21 independent judgment that the relevant state-court decision applied clearly established

22 federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."

23 *Id*. at 411.  A federal habeas court making the "unreasonable application" inquiry should ask

24 whether the state court's application of clearly established federal law was "objectively

25 unreasonable."  *Id*. at 409.

26 //

27 //

28

**DISCUSSION**

Petitioner claims that the Board's decision violated his right to due process because it was not based on "some evidence" that he currently poses an unreasonable risk to public safety. (*See* Order to Show Cause at 2.) Due process requires that the Board's decision to deny a California prisoner parole be supported by "some evidence" of current dangerousness. *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010); *see also Pearson v. Muntz*, No. 08-55728, 2010 WL -- (9th Cir. May 24, 2010) (per curium). Accordingly, in reviewing federal habeas claims that a California prisoner was denied parole in violation of due process, courts must "decide whether the California judicial decision approving the governor's [or the parole board's] decision rejecting parole was an "unreasonable application" of the California "some evidence" requirement, or was "based on an unreasonable determination of the facts in light of the evidence." *Hayward*, 604 F.3d at 562–63.

The commitment offense alone does not always provide evidence that a petitioner poses a current threat to public safety. (*Id*. at 562.) The offense does not establish current dangerousness "unless the record also establishes that something in the prisoner's pre- or post-incarceration history, or his or her current demeanor and mental state" supports an inference of dangerousness. (*Id*., citing *In re Lawrence*, 44 Cal. 4th 1181, 1214 (Cal. 2008).)

Here, the record shows that there was "some evidence" to support the state court's approval of the Board's parole denial. First, the circumstances surrounding the commitment offenses suggest an impulsive personality, lacking self-control. Second, the record establishes that petitioner's pre- and post-conviction history supports an inference of current dangerousness — in particular his criminal history and his most recent psychological evaluation. The record, as noted, shows that petitioner's criminal history is extensive, including three terms in prison, and convictions for serious crimes such as assault and robbery. Petitioner also received many disciplinary infractions, sixteen serious and twenty-four minor, during his early incarceration. Also, petitioner's psychological report rated the risk of petitioner committing violence as "moderate." While such a rating is not conclusively

United States District Court
For the Northern District of California

1  prohibitive, it does constitute some evidence of current dangerousness in addition to the

2  commitment offense, as does petitioner's criminal and alchohol-abuse history.  In fact, the

3  Ninth Circuit addressed a similar scenario in *Hayward*:

> Hayward's most recent psychological evaluation reasonably can be read to
> indicate that Hayward had not yet reached that point, and the Governor so read
> it.  The evaluation concluded that measures of both static and dynamic risk
> factors associated with violence placed Hayward in "a category that represents
> a low to moderate risk for future violence in the community."  These factors
> include the violent criminal history just described, as well as early adjustment
> problems in the prison community, "episodes of relationship instability,"
> including current estrangement from two of his daughters, and a history of
> substance abuse problems, including prior use of cocaine and marijuana.  The
> evaluations are far from damning — they cite Hayward's "increased level of
> maturity and insight, his participation in substance abuse recovery" — and they
> indicate that the "historical risk factors now seem to be adequately contained."
> Nevertheless, the evaluation concludes that Hayward presents a "low to
> moderate risk" of danger to the community.  The state court did not
> unreasonably determine that this evaluation, and the evaluation's assessment of
> Hayward's commitment offense and his violent history, are evidence that
> Hayward's release would pose a possibly "moderate" risk to public safety.

13  *Hayward*, 603 F.3d at 570–71 (Berzon, J., concurring).

14  Turning to the instant matter, it is reasonable to infer from this record of past and

15  recent violence and misbehavior that, if released, petitioner currently poses an unreasonable

16  risk of danger to society, or a threat to public safety.  Because the Board's decision is

17  supported by sufficient evidence in the record, including circumstances other than those of

18  the commitment offense, petitioner's claim that the Board's decision was unsupported by

19  "some evidence," or otherwise violated his right to due process, is without merit.  The state

20  court's approval of the Board's decision, therefore, was not an "unreasonable application" of

21  the California "some evidence" requirement, nor was it "based on an unreasonable

22  determination of the facts in light of the evidence."

23  //

24  //

25  //

26  //

27

28

No. C 09-4951 RS (PR)
ORDER DENYING PETITION

<div align="left" style="font-weight:bold; vertical-align:bottom;">
United States District Court<br>
For the Northern District of California
</div>

**CONCLUSION**

The state court's denial of petitioner claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Accordingly, the petition is DENIED.

A certificate of appealability will not issue.  Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk shall enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED**.

DATED:  June 28, 2010

RICHARD SEEBORG
United States District Judge